**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**IN RE:   ORIN BRETT JUSTICE**                                                                 **DEBTOR**

**v.**                                       **Civil No. 07-5231**

**ADVANCED CONTROL SOLUTIONS, INC.**                                          **APPELLANT**

**O R D E R**

    Now on this 22nd day of September, 2008, comes on for consideration the captioned matter, and from the record on appeal, and the briefs of the parties, the Court finds and orders as follows:

    1.   This case comes to the Court on appeal from the United States Bankruptcy Court for the Western District of Arkansas. This Court reviews the Bankruptcy Court's factual findings for clear error, and its legal conclusions *de novo*.  **In re CP Holdings, Inc.**, **206 Fed. Appx. 629 (8th Cir. 2006).**

    2.   The record on appeal shows the following relevant events:

    *   On August 1, 2006, Orin Brett Justice ("Justice" or "Debtor") filed a bankruptcy petition pursuant to Chapter 13 of the United States Bankruptcy Code. On December 19, 2006, the case was converted to a Chapter 7 proceeding.

    *   On January 16, 2007, the case was dismissed for failure of Justice to file a Chapter 7 Statement of Current Monthly Income and Means Test Calculation ("Means Test").

    *   Justice filed a Means Test the following day. In it, he

indicated a 60-month disposable income of $28,203.60. On the front of the form, he checked the box indicating that, according to the required calculations, the presumption of abuse arose. Justice then moved to set aside the Order dismissing his case. This motion was granted, and the case was reinstated on March 15, 2007.

* On April 24, 2007, one of Justice's creditors, appellant Advanced Control Solutions, Inc. ("Advanced Control"), filed a Motion To Dismiss Case For Abuse. Advanced Control argued that Justice's debts were primarily consumer debts; that the financial information on the Means Test resulted in a presumption of abuse under **11 U.S.C. §707(b)**; and that Justice had done nothing to rebut the presumption.

* Following a hearing on July 24, 2007, the Motion To Dismiss was denied. The Bankruptcy Court reasoned that **§707(b)** is permissive; that the Chapter 7 proceeding would put "substantial assets" in the hands of the Trustee; that if the case were dismissed "the debtor could get off with the assets," which "would not be to the interest of general creditors"; and that if the case were converted back to a Chapter 13, the creditors might not get as much as they stood to receive in the Chapter 7.

* Advanced Control moved for leave to take an interlocutory appeal of the Order denying its Motion To Dismiss Case For Abuse, but leave was denied.

\*   On August 30, 2007, Justice filed an amended Chapter 7 Means Test.  Another amended Means Test was filed on September 5, 2007.  Under the September 5 Means Test, the presumption of abuse did not arise. The Bankruptcy Court did not consider either of these amended Means Tests.

\*   On November 13, 2007, the Bankruptcy Court granted Justice's Motion for Discharge, over the objection of Advanced Control.

\*   On November 19, 2007, Advanced Control filed Notice Of Appeal.

3.   In its Notice Of Appeal, Advanced Control identified four issues:

\*   whether the Bankruptcy Court erred in denying its Motion To Dismiss pursuant to **11 U.S.C. §707(b)(2)**;

\*   whether the Bankruptcy Court erred in denying its Motion To Dismiss pursuant to **11 U.S.C. §707(b)(3)**;

\*   whether the Bankruptcy Court erred in granting the Debtor a discharge; and

\*   whether the Bankruptcy Court erred in granting the Debtor's motion to set aside the Order dismissing the case.

In its brief, however, Advanced Control telescopes these arguments into one issue: whether dismissal or conversion under **§707(b)(1)** is mandatory or discretionary. Appellant contends that the statute is mandatory, and that when a presumption of abuse

arises under **§707(b)(2),** which goes unrebutted, the Bankruptcy Court *must* either dismiss the case or convert it to a Chapter 13.

Justice counters with the following arguments:

* that **§707(b)** does not apply to a case filed under Chapter 13 and subsequently converted to Chapter 7;

* that **§707(b)(1)** is discretionary rather than mandatory, and the Bankruptcy Court did not abuse its discretion in refusing to dismiss his case; and

* that his amended Means Test is the one that should be considered.

The Trustee takes the position that there was no error in the Order granting Justice a discharge of his debts, because none of the limitations on discharge set forth in **11 U.S.C. §727** was shown to exist in the case. The Means Test is not addressed in **§727.**

4. The Trustee's argument may be disposed of with little analysis. Regardless of whether **§707(b)** or the Means Test are addressed in **§727,** the appeal of the discharge order brings up for review the interlocutory decision to deny Advanced Control's Motion To Dismiss. **<u>American National Bank and Trust Co. of Chicago v. Equitable Life Assurance Society of the United States</u>**, **406 F.3d 867, 876 (7th Cir. 2005).** Were the law otherwise, Advanced Control would have lost the opportunity to appeal the Bankruptcy Court's Order denying dismissal before it matured into an appealable issue at the point of final judgment.

The fact that this Court declined to consider an interlocutory appeal of the Order denying Advanced Control's Motion To Dismiss is of no consequence. The Court did not address the merits of any argument now presented, holding only that the appeal was not one which merited the extraordinary relief of an interlocutory appeal.

5.   The issues related to **§707(b)** -- whether it applies to a case converted from Chapter 13 to Chapter 7, and whether it is mandatory or discretionary -- are more complex, and require a deeper analysis. The starting point for that analysis is, of course, the statutory text. If the language of the statute is plain, it is settled that "the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms." **Lamie v. United States Trustee, 540 U.S. 526, 534 (2004)**(citations omitted).

> The plain meaning of legislation should be conclusive, except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters. In such cases, the intention of the drafters, rather than the strict language, controls.

**United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242 (1989)**(internal quotation marks and citation omitted).

6.   **Section 707(b),** part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), provides, in relevant part:

> (b)(1)  After notice and a hearing, the court, on . . . motion by . . . any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts, or, with the debtor's consent, convert such a case to a case under chapter 11 or 13 of this title, if it finds that the granting of relief would be an abuse of this chapter. . . . .
>
> (2)(A)(i) In considering under paragraph (1) whether the granting of relief would be an abuse of the provisions of this chapter, the court shall presume abuse exists if the debtor's current monthly income reduced by the amounts determined under clauses (ii), (iii), and (iv), and multiplied by 60 is not less than the lesser of (I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,575, whichever is greater; or (II) $10,950.

The Sixth Circuit Court of Appeals put these provisions into the context of the legal landscape in a recent case, as follows:

> Individual consumer debtors generally choose between two forms of relief afforded by the Bankruptcy Code:  Chapter 7 and Chapter 13.  In a Chapter 7 proceeding, an individual debtor receives an immediate unconditional discharge of personal liabilities for debts in exchange for the liquidation of all non-exempt assets.  By contrast, in a Chapter 13 proceeding, a debtor commits to repayment of a portion of his or her financial obligations over a specified period of time (generally three to five years) in exchange for retaining non-exempt assets and receiving a broader discharge of debt than is available under Chapter 7. Under the bankruptcy system prior to the BAPCPA, . . . debtors had a presumption of eligibility to file under Chapter 7, with the final determination made by the Bankruptcy Court on an individualized basis.
>
> In 2005, the landscape for bankruptcy filings dramatically changed.  Responding to a growing belief that "bankruptcy relief may be too readily available and is sometimes used as a first resort, rather than a last resort," and the prevalence of "opportunistic personal filings and abuse," Congress enacted the BAPCPA in order to require above-median income debtors to make more funds available for the payment of unsecured creditors.

>As a result, higher-income debtors with the ability to repay a substantial portion of their debts without significant hardship are now required to do so by filing under Chapter 13 rather than Chapter 7.
>
>The centerpiece of the Act is the imposition of a "means test" for Chapter 7 filers, which requires would-be debtors to demonstrate financial eligibility to avoid the presumption that their bankruptcy filing is an abuse of the bankruptcy proceedings. By its terms, the BAPCPA authorizes a bankruptcy court to dismiss a debtor's petition filed under Chapter 7 or, with the debtor's consent, to convert such a petition to Chapter 13 "if it finds that the granting of relief would be an abuse of the provisions of [Chapter 7]."

**Schultz v. U.S., 529 F.3d 343, 346-47 (6th Cir. 2008)**(internal citations omitted).

7. BAPCPA is still relatively new legislation, and the courts that have applied **§707(b)** to date are not all of one mind. Some cases have held that **§707(b)** does not apply to cases converted from Chapter 13. See, e.g., **In re Fox, 370 B.R. 639, 643 (Bkrtcy. D.N.J. 2007)**(unambiguous language indicates the authority of courts to dismiss or convert extends only to debtors who file under Chapter 7). Other cases have held to the contrary. See, e.g., **In re Kellett, 379 B.R. 332 (Bkrtcy. D.Or. 2007)**("phrase 'case filed by an individual debtor under this chapter' does not make appropriate sense viewed in isolation and must be interpreted to encompass cases converted to Chapter 7"); **In re Perfetto, 361 B.R. 27 (Bkrtcy. D.R.I. 2007)**(citing case law for the proposition that a case is deemed "filed under" the chapter in which it resides after conversion).

The Court has found no Eighth Circuit precedent on this issue, but finds the reasoning in **Kellett** and **Perfetto** persuasive. In addition, the Court is not persuaded that the language of **§707(b)** is unambiguous.  The critical phrase -- "a case filed by an individual debtor under this chapter" -- appears susceptible of two different meanings.  It can be read to refer to a case that was originally filed under Chapter 7 by an individual debtor, or to a case now pending under Chapter 7 that was filed by an individual debtor.  Under the grammatical rule of the "last antecedent," the latter of these readings is the correct one.  A limiting clause or phrase ordinarily is to be read as modifying only the noun or phrase it immediately follows.  **Jama v. Immigration and Customs Enforcement**, **543 U.S. 335, 342-43 (2005)**. Application of that rule would dictate that "filed" is modified by "an individual debtor," because applying it to "under this chapter" would "stretch[] the modifier too far."

When the Court takes into account the ambiguity of the statutory language, along with the remedial purposes of the BAPCPA and the fact that a contrary interpretation would result in a loophole allowing two classes of Chapter 7 cases which are treated differently as to the abuse issue, it is persuaded that **§707(b)** does apply to cases converted from Chapter 13 to Chapter 7.  Thus, the Means Test filed by Justice on January 17, 2007, is not a legal nullity, and its ramifications on the outcome of his Chapter

7 case must be considered.

8. There is no dispute that according to the January 17, 2007, Means Test -- the only one considered by the court below -- a presumption arose that granting relief to Justice would be an abuse of Chapter 7. Thus, if the provisions of **§707(b)(1)** are mandatory, it was error to deny Advanced Control's Motion To Dismiss, and Justice's discharge cannot stand.

As with the conversion issue discussed above, there is no Eighth Circuit precedent on this issue, and courts have decided it in different ways. Some have held the statute to be discretionary. See, e.g., **In re Perrotta**, **390 B.R. 26 (Bkrtcy. D.N.H. 2008)**("Although Congress added the means test and the presumption of abuse in order to limit judicial discretion in deciding motions to dismiss under §707(b), Congress expressly preserved, and even strengthened, the discretion that existed in the bankruptcy courts under prior law in the amendments to §707(b)(1) and the addition of §707(b)(3)"); and **In re Skvorecz**, **369 B.R. 638 (Bkrtcy. D.Col. 2007)**(§707(b)(1) "may" affords discretion "where other provisions of the same statute create an inconsistency leading to an absurd result").

Other courts have held the provision to be mandatory. See, e.g., **In re Witek**, **383 B.R. 323 (Bkrtcy. N.D. Ohio 2007)**; **In re Haman**, **366 B.R. 307 (Bkrtcy. D.Del. 2007)**; and **In re Wilson**, **356 B.R. 114 (Bkrtcy. D.Del. 2006**)(all to the effect that if

presumption of abuse arises and is unrebutted, court has no discretion and must dismiss).

The Court is persuaded that the better view is that **§707(b)(1)** is mandatory. While the use of the word "may" in statutory drafting generally indicates discretion, that is not always the case.

> The word "may," when used in a statute, usually implies some degree of discretion. This common-sense principle of statutory construction is by no means invariable, however . . . and can be defeated by indications of legislative intent to the contrary or by obvious inferences from the structure and purpose of the statute . . . .

**United States v. Rodgers**, 461 U.S. 677, 706 (1983).

Indications of legislative intent, and obvious inferences to be drawn from the purpose of BAPCPA, persuade the Court that "may" in **§707(b)** is used to indicate discretion only as far as deciding which of two options should be exercised in a case where the presumption of abuse arises and is not rebutted. As the Sixth Circuit explained in **Schultz, supra**, the Means Test is the centerpiece of BAPCPA, which was enacted to curb perceived abuse of Chapter 7 filings. If abuse is presumed under **§707(b)(2)** and is not rebutted, it would make no sense to read the statute as allowing bankruptcy courts discretion to disregard the Means Test and allow the debtor to obtain a discharge in Chapter 7, rather than dismiss or convert the case. The bankruptcy court would be placing its judicial imprimatur on an abuse of the provisions of

Chapter 7 in the face of congressional attempts to avoid such abuse.

The Court is cognizant that in this particular case, there was evidence that the unsecured creditors would receive a payout -- not large but more than *de minimis* -- under the Chapter 7. There was also argument that this payout should overcome the presumption of abuse. The fact that creditors would receive a payout under Chapter 7 -- even if larger than what they would receive under Chapter 13 -- is not one of the bases for rebutting the presumption of abuse under **§707(b)(2)**. While such considerations may well be appropriate under **§707(b)(3)**, which applies when no presumption of abuse arises under **§707(b)(2)** or where such presumption arises but is rebutted, they cannot justify the Bankruptcy Court's decision to disregard an unrebutted presumption of abuse.

9. Because the Court finds that **§707(b)** is mandatory rather than discretionary, it need not, and will not, address the issue of whether the Bankruptcy Court abused its discretion in denying Advanced Control's Motion To Dismiss.

10. Having concluded that the Bankruptcy Court had only two options when faced with the unrebutted presumption of abuse in Justice's Means Test (to dismiss his petition or convert it back to a Chapter 13), it follows that error was committed when the Bankruptcy Court elected to take a third tack and proceed to the

final result of a Chapter 7 discharge.  Had the case either been dismissed or converted as required by **§707(b)**, Justice would not have received a discharge in Chapter 7.  The Court, therefore, reverses the Order Granting Debtor's Motion For Discharge.

Advanced Control contends that this Court should also reverse the Bankruptcy Court's Order denying its Motion To Dismiss, and order the Bankruptcy Court to dismiss Justice's Chapter 7 case.  The Court declines to do this.  The Bankruptcy Court is the proper court to determine, in the first instance, whether dismissal or conversion to Chapter 13 is the proper step to be taken based on Justice's presumed abuse of Chapter 7.  The Court, therefore, vacates the Order Overruling Motion To Dismiss, and remands this case to the United States Bankruptcy Court for the Western District of Arkansas for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

>    **/s/ Jimm Larry Hendren**
>    **JIMM LARRY HENDREN**
>    **UNITED STATES DISTRICT JUDGE**